**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **CHRISTOPHER JAKUBOWSKI,** | Civil Action No. 2:12-cv-02202 (CCC) (JAD) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY,** | |
| **Defendant.** | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon cross-motion by plaintiff Christopher Jakubowski ("Plaintiff") to (i) amend the complaint pursuant to Fed. R. Civ. P. 15(a) to add two additional causes of action; and (ii) to stay this action pending the parties' participation in an appraisal process. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's cross-motion: (i) to amend the complaint to add an additional breach of contract claim (Second Cause of Action for Breach of Contract) is **GRANTED**; (ii) to amend the complaint to add a declaratory judgment claim (Third Cause of Action for Declaratory Judgment) is **DENIED**; and (iii) to stay the action pending an appraisal is **DENIED**.

## I.   BACKGROUND.

This dispute arises out of a flood insurance policy issued to Plaintiff by defendant the Federal Emergency Management Agency ("FEMA"). Plaintiff is the named insured for property located at 358 River Drive in Garfield, New Jersey (the "Property"). (Br. Supp. Cross-Motion 1, ECF No. 11-23). The Property was directly insured by FEMA under a Standard Flood Insurance

1

Policy ("SFIP") with a policy limit of $250,000 in building coverage only, and a $5,000 deductible (the "Policy").  (Opp. Br. 6, ECF No. 20).  Plaintiff alleged that on August 28, 2011, the Property was substantially damaged as a result of the flooding caused by Tropical Storm/[H]urricane Irene.  (Proposed Am. Compl. ¶ 12, ECF No. 11-2).  On August 29, 2011, FEMA was notified of the loss.  (Opp. Br. 6, ECF No. 20).

A.     <u>Investigation of the Property and Assessment of the Loss.</u>

On October 11, 2011, James A. Valentine ("Valentine"), an independent adjuster retained by FEMA to adjust the claim related to the Property, issued a final report assessing the actual cash value of Plaintiff's loss at $77,578.37, after the $5,000 deductible.  (Opp. Br. 12, ECF No. 20).  Plaintiff alleged that during one of the site visits, Valentine informed Plaintiff that he could hire his own engineer, which Plaintiff elected to do.  (Decl. Christopher Jakubowski ("Plaintiff's Decl.") ¶ 12, ECF No. 11-21).  On October 12, 2011, FEMA issued Plaintiff an advanced payment in the amount of $15,000.  (Opp. Br. 12, ECF No. 20).

Plaintiff retained A. A. Yorizzo ("Yorizzo") of J-Con Inc. ("J-Con") to inspect the property and prepare an estimate of extent of flood damage to the Property.  (<u>Id.</u> at ¶ 18).  The estimate prepared by J-Con, dated October 25, 2011, assessed the amount of damages to the Property at significantly higher than the report prepared by Valentine, specifically $215,115.00, excluding structural items.  (Decl. Alison Jakubowski ("A. Jakubowski Decl.") Ex. C, ECF No. 11-8).

B.     <u>The Proof of Loss.</u>

On November 21, 2011, with the assistance of J-Con, Plaintiff executed a proof of loss (the "Proof of Loss"), which is a document required by the Policy to be filed within sixty days after the loss.  (Opp. Br. 4, ECF No. 20).  A proof of loss is a statement as to the amount an

2

insured is claiming under its policy, signed and sworn by the insured, that provides specific information including a description of the loss and detailed repair estimates. (Id.). In light of the discrepancy between the reports prepared by Valentine and J-Con, and because Plaintiff was required to submit a proof of loss within 60 days, Plaintiff filed the Proof of Loss identifying the "undisputed" amount of his loss as $75,138.99. (Opp. Br. 12, ECF no. 20). However, Plaintiff explicitly indicated that this amount reflected the "undisputed amount only," and reserved the right to amend the claim and supplement and/or amend the Proof of Loss. (Id.).

On November 28, 2011, FEMA issued Plaintiff a second check in the amount of $62,587.37, for a total of $77,587.37 in flood claim payment – which was the amount identified in Valentine's report. (Id.). Plaintiff conceded that it never filed an additional sworn proof of loss document with respect to the disputed portion of its claim, although, as set forth below, he continued to negotiate with FEMA regarding his ultimate recovery.

          C.    <u>The Appraisal Clause.</u>

Simultaneous with filing the Proof of Loss, Plaintiff also demanded that FEMA participate in an appraisal process pursuant to the Policy.

The Policy provided, in relevant part, as follows:

> **P.**    **Appraisal.**    If you and we fail to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand appraisal of the loss.  **In this event, you and we will each choose a competent and impartial appraiser within 20 days after receiving a written request from the other.**

(emphasis added) (the "Appraisal Clause"). (Br. Supp. Cross-Motion Amend 3, ECF No. 11-23).

Plaintiff sent two letters to Valentine demanding an appraisal. In one letter, Plaintiff stated: "Please be advised that I the insured pursuant to the terms and conditions of the insurance

policy have elected to go to appraisal." (A. Jakubowski Decl., Ex. H); (see also Am. Compl. ¶¶ 18, 22). In the second letter, Plaintiff stated: "Due to the fact that both parties could not reach an agreement and we have selected to go to appraisal we now request the full undisputed amount of money to be released." (A. Jakubowski Decl., Ex H).

Plaintiff alleged he and his wife followed-up with Valentine on numerous occasions regarding the status of their demand for appraisal and Proof of Loss. (Plaintiff's Decl. ¶¶ 23-28, ECF No. 11-21). Plaintiff also forwarded the Proof of Loss and demand for appraisal directly to FEMA. (Id. at ¶ 29). In mid-December, a FEMA representative allegedly informed Plaintiff that FEMA could not accept the values that J-Con submitted in its report, and requested Plaintiff to obtain estimates directly from the trades that would be performing the work. (Id.). The FEMA representative allegedly also requested that Plaintiff submit an outline of the differences between the J-Con estimate and the Valentine estimate, both in terms of the scope of work and price differentials. (Id. at ¶ 31). On December 24, 2011, Plaintiff submitted to FEMA several quotes from the trades that were going to perform the work on the Property, as well as an explanation from J-Con regarding the differences between its and Valentine's estimates. (Id. at ¶ 32).

On January 24, 2012, FEMA Claims Examiner Stacy Olsen sent Plaintiff a letter explaining why FEMA denied Plaintiff's request for payment on certain damages and, with respect to Plaintiff's request for an appraisal, stating:

> At this time we must deny your request for Appraisal under the [SFIP] because your request is premature. Appraisal is only for determining the AVC of the loss, and not to determine the scope of covered damage. We need a list of items that are covered by the flood policy that you feel were left out of the settlement, and the documentation of prices that you believe are not sufficient to repair or replace[] the flood damages items . . . We cannot determine whether you and we agree upon the Actual Cash Value of your claim until you have identified the items in dispute and we've had a chance to evaluate the same; because of this, we cannot yet

> determine whether or not Appraisal is appropriate. For the reason,
> the [SFIP] requires that we deny your request for Appraisal.

(Opp. Br. 8, ECF No. 20).

### D.   Plaintiff's Proposed Amended Complaint.

On April 11, 2012, Plaintiff filed a complaint asserting a single cause of action for breach of contract based on FEMA's failure to pay the full amount of loss allegedly due under the Policy. (Compl., ECF No. 1). On July 10, 2012, FEMA filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56. On August 21, 2012, in response to FEMA's motion, Plaintiff filed a cross-motion to amend the complaint and to stay the action so that the parties could participate in the appraisal process. With respect to the cross-motion to amend, Plaintiff's pleading seeks to assert two new claims: (1) a second cause of action for breach of contract based on FEMA's alleged repudiation of the contract, which purportedly occurred when FEMA "failed to participate in [the] appraisal process"; and (2) a cause of action seeking a declaratory judgment concerning Plaintiff's and FEMA's rights and obligations pursuant to the Appraisal Clause. (Proposed Am. Compl. ¶¶ 21-36).[1]

FEMA opposed the cross-motion to amend on the grounds that the proposed causes of action are subject dismissal. Specifically, FEMA argued that Plaintiff's proposed breach of contract claim is futile because Plaintiff failed to file a proof of loss for the amount at issue in this action, namely an amount greater than the $77,587.37 FEMA already paid, which exceeds the amount claimed on Plaintiff's Proof of Loss. Also, FEMA argued that Plaintiff may not

---

[1] Plaintiff also moved for the Court to stay this action pending an appraisal. The decision of whether to stay an action rests in the discretion of the trial court. EDM Office Services, Inc. v. Hartford Lloyds Ins. Co., CIV.A. H-10-3754, 2011 WL 2619069, *1, *7 (S.D. Tex. July 1, 2011) ("While [a] trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal.) (citations omitted). The taking of discovery, which will be allowed, should clarify any issues relating to which claims – namely, scope of work versus valuation claims -- are subject to appraisal. In light of these considerations, the Court declines to issue a stay and denies Plaintiff's cross-motion to stay.

proceed with a claim for declaratory judgment because the relief sought in such claim is redundant of Plaintiff's breach of contract claims.

In response, Plaintiff conceded that it only filed one Proof of Loss with respect to the "undisputed" portion of its claim. However, Plaintiff argued that FEMA's failure to timely engage in the appraisal process constituted a repudiation of the Policy and excused Plaintiff from further compliance with the Policy's provisions, including filing a proof of loss with respect to the disputed portion of its claim.

As such, this Court must determine whether Plaintiff should be permitted to amend its Complaint to assert the proposed causes of action, or whether these claims are subject to dismissal.

## II.    STANDARD OF REVIEW.

Fed. R. Civ. P. 15(a) allows a party to amend its pleadings by leave of court when justice so require. Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's
> written consent or the courts leave. The court should freely give
> leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178 (1962).

6

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

A proposed amendment may be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 225, 234 (3d Cir. 2008). For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at

7

1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

at 1965 (internal citations omitted).

In light of Iqbal, district courts should conduct a two-part analysis when evaluating a

motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.

> Second, a District Court must then determine whether the facts
> alleged in the complaint are sufficient to show that the plaintiff has
> a "plausible claim for relief." In other words, a complaint must do
> more than allege the plaintiff's entitlement to relief. A complaint
> has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at

1949–50).

## III.   **DISCUSSION.**

This action is in its infancy.  No answer has been filed, and FEMA's motion to dismiss

the complaint was administratively terminated by the Court without prejudice pending resolution

of the instant cross-motion for leave to amend, at which point defendant may re-file its motion to

dismiss.  Discovery has not commenced and the Complaint has not previously been amended.

The parties do not argue, and the Court does not find, the existence of undue delay, unfair

prejudice, or dilatory motive as a basis to deny leave to amend the Complaint.  Rather, the issue

for this Court is whether Plaintiff's proposed claims are futile.

### A.   Proposed Second Cause of Action for Breach of Contract.

The Court finds that Plaintiff's proposed breach of contract claim – which alleges that

FEMA's failure to respond to Plaintiff's demand for appraisal within twenty days as required by

8

the Policy constituted a repudiation and breach of the Policy – raises certain legal and factual questions that prevent this Court from finding that the proposed claim fails to state a claim upon which relief can be granted. Specifically, this Court rejects the notion that this case implicates a simple scope of coverage issue. Rather, there are disputed issues of fact regarding valuation – and valuation is an appropriate subject for appraisal under the Policy.

Plaintiff's argument is that FEMA repudiated the Policy by refusing to participate in the appraisal process <u>prior to</u> the date that Plaintiff would have otherwise been required to file a proof of loss with respect to the disputed portion of its claim. Plaintiff argued that as a direct result of this repudiation, it was relieved of its obligation to file a proof of loss before instituting this action. Plaintiff points to <u>Studio Farms Ltd.v. Standard Fire Ins. Co.</u>, 369 F.3d 376 (4th Cir. 2004) in support of its argument. There, the Fourth Circuit held that the doctrine of repudiation can apply to an SFIP. <u>Id.</u> at 382 ("We therefore agree with [plaintiff] that, if [defendant's] refusal to provide building coverage under the SFIP amounted a repudiation of its policy for flood insurance, [plaintiff's] failure to file a proof of loss was not dispositive of its claim."). The Fourth Circuit remanded the action to the district court for a determination whether the insurer's conduct amounted to a repudiation. (<u>Id.</u> at 383). Given that repudiation may apply in the context of an SFIP, which would potentially nullify the effects of Plaintiff's failure to file an additional proof of loss, the Court cannot determine that Plaintiff's proposed breach of contract claim is futile.

The Court is not unmindful of the multitude of cases requiring strict compliance with the proof of loss requirement. <u>Suopys v. Omaha Prop. and Cas.</u>, 404 F3d. 805, 810 (3d Cir. 2005); <u>Dawkins v. Witt</u>, 318 F.3d 606, 612 (4th Cir. 2003); <u>Sanz v. United States Sec. Ins. Co.</u>, 328 F.3d 1314, 1318 (11th Cir. 2003); <u>Mancini v. Redland Ins. Co.</u>, 248 F.3d 729, 733-34 (8th Cir.

2001).  However, the Court rejects FEMA's contention that the issue in this case purely relates to scope of work, which is not subject to the appraisal process, rather than valuation, which is a proper subject for appraisal.  The parties' written communications make clear that the issue of the actual cash value of the loss, as memorialized on the Proof of Loss, was in dispute.  The Court acknowledges the fact that Plaintiff has already been paid the full amount of the undisputed portion, and indeed more, claimed on the Proof of Loss – a fact which often results in dismissal of a claim.  Messa v. Omaha Prop. & Cas. Inc. Co., 122 F. Supp. 2d 523, 530 (D.N.J. 2000) ("Plaintiff's failure to submit a proof of loss statement . . . for an amount in excess of that already paid by [the insurer] represents a complete failure to comply with the federal regulations and the terms of the SFIP"); see also Miller v. Selective Ins. Co. of America, No. 08-2296 (RBK/AMD), 2009 WL 5033952, *1, *4 (D.N.J. Dec. 15, 2009); Sutor v. Fed. Emergecy Mgmt. Agency, No. 06-1371, 2009 WL 4268457, *1, *5 n.4 (E.D. Pa. 2009); Howell v. State Farm Ins. Co., 540 F. Supp. 2d 621, 627 (D. Md. 2008); Sodi II, LLC v. Selective Ins. Co. of America, No. 06-2573 (JAP), 2008 WL 141204, *1, *4 (D.N.J. Jan. 11, 2008).   Nevertheless, in light of the possibility that the doctrine of repudiation may have excused Plaintiff's failure to supplement its Proof of Loss and/or file a new proof of loss, the proposed breach of contract claim is not futile.[2]

As such, Plaintiff's cross-motion to amend the Complaint to assert a Second Cause of Action for Breach of Contract is hereby **GRANTED.**

      B.    Proposed Third Cause of Action for Declaratory Judgment.

Finally, the Court must determine whether Plaintiff's declaratory judgment count should be permitted or denied as redundant of its breach of contract claims.

---

[2] Furthermore, FEMA's invitation for Plaintiff to secure his own engineer and submit supporting information regarding price differentials raises questions concerning FEMA's understanding of the status of the Proof of Loss.

Plaintiff's proposed declaratory judgment claim seeks a "judicial declaration . . . to establish plaintiff['s] and defendant['s] rights and obligations pursuant to the appraisal provision of the Policy." (Proposed Am. Compl. ¶ 35, ECF No. 11-2).  FEMA opposed the cross-motion to amend arguing that the claim was futile and that the relief sought in the claim was repetitive of Plaintiff's breach of contract claims.  The Court agrees.

Plaintiff did not dispute FEMA's assertion that, in the context of a flood insurance suit, a plaintiff may not bring a declaratory judgment claim unless there is a continuing controversy between the parties that will not be resolved by the existing cause of action. (Opp. Br. 19, ECF No. 20) (citing Scritchfield v. Mutual of Omaha Ins. Co., 341 F. Supp. 2d 675 (E.D. Tex. 2004)). The Court agrees with FEMA's argument that although Plaintiff alleged that the declaratory judgment count is necessary to determine to rights and obligations of the parties with respect to the appraisal process, this result will occur as a consequence of the Court resolving the breach of contract claims.  Plaintiff has not alleged any other aspect of the Policy and/or Appraisal Clause that is in dispute and, therefore, its proposed declaratory judgment claim is redundant.  See Aldens, Inc. v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975); John Evans Sons, Inc. v. Majik-Ironers, Inc. 95 F.R.D. 186 (E.D. Pa. 1982).

Plaintiff's cross-motion to amend the complaint to add a third cause of action for declaratory relief is **DENIED**.

### IV.   CONCLUSION.

Plaintiff's cross-motion to amend the Complaint to assert an additional breach of contract claim for repudiation is **granted**.  Plaintiff shall be permitted to amend its Complaint to assert an additional breach of contract claim for repudiation in the form set forth as the Second Cause of Action for Breach of Contract of the proposed amended counterclaim (ECF No. 11-2).

11

In addition, Plaintiff's cross-motion to amend the Complaint to assert a declaratory judgment claim is **denied.**

Finally, Plaintiff's cross-motion to stay this action pending the parties' participation in an appraisal process is **denied**.

SO ORDERED

Joseph A. Dickson, U.S.M.J.

cc.     Honorable Claire C. Cecchi, U.S.D.J.

12